IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cindy Gilliam, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>Commissioner of Social Security, )<br>)<br>       Defendant. )<br>_____) | Civil Action No. 8:23-2300-RMG<br><br>**ORDER** |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 10, 2024, recommending that the Court reverse the decision of the Commissioner and remand the matter to the agency for further proceedings. (Dkt. No. 19). Objections to the R & R were due on or before June 24, 2024. No party filed objections to the R & R. As explained more fully below, the Court adopts the R & R as the order of the Court except that the Court remands the matter to the Commissioner with instructions to award benefits.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

-1-

is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . . treating sources" based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)

and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Further, the Commissioner "[g]enerally . . . give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." *Id.* § 404.1527(c)(1).

The opinions of a claimant's treating physicians must be given "great weight and may be disregarded only if there is persuasive contradictory evidence."*Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 107 (4th Cir. 2020), *citing Coffman v. Bowen*, 829 F.2d at 517. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

The opinions of non-examining sources and state agency medical consultants must be weighed under the same standards of the Treating Physician Rule, including the source's "medical specialty and expertise . . ., the supporting evidence in the case record, supporting explanations . . . and other factors relevant to the weighing of opinions." *Id.* §§ 404.1527(e)(2)(ii). The Commissioner further pledges that the opinions of non-examining sources will be evaluated on "the degree to which these opinions consider all the pertinent

evidence . . ., including the opinions of treating and other examining sources." *Id.* §§ 404.1527(c)(3).[1]

## Factual Background

Plaintiff filed her initial application for disability benefits in August 2016, and the Administrative Law Judge (ALJ) found in a decision of December 31, 2018 that Plaintiff had not engaged in substantial gainful activity since April 1, 2016. (Dkt. No. 7-2 at 19). The ALJ further found that Plaintiff suffered from multiple severe impairments, including fibromyalgia, diabetes, degenerative disc disease, asthma, obesity, post traumatic stress disorder, major depressive disorder, and generalized anxiety disorder. (*Id.*). The ALJ also found that Plaintiff was unable to perform her past relevant work as a court reporter and data entry operator. (*Id.* at 29-30). Despite these findings, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform less than the full scope of light work. (*Id.* at 22).

In reaching the opinion that Plaintiff had the RFC to perform light work, the ALJ gave only "partial weight" to the opinions of Plaintiff's board certified treating pain medicine physician, Dr. Eric Loudermilk, who diagnosed her with fibromyalgia and opined that she would find it difficult to sustain full time work because of her chronic pain and limited ability to sit or stand for prolonged periods. (*Id.* at 23-24). The ALJ noted objective findings in the record inconsistent with Dr. Loudermilk's opinions as the basis for rejecting his opinions. (*Id.* at 24).

Plaintiff filed an appeal with this Court regarding the final decision of the agency

---

[1] The Court has applied the Treating Physician Rule in effect at the time Plaintiff filed her claim in August 2016. The Social Security Administration subsequently adopted new regulations for the evaluation of medical opinions for applications for disability benefits filed after March 27, 2017.

denying her disability benefits. The matter was initially assigned to Magistrate Judge Jacquelyn Austin, who recommended the decision of the Commissioner be reversed because the ALJ's reliance on objective evidence to rebut Plaintiff's subjective evidence of pain arising from her fibromyalgia was in violation of the Fourth Circuit's then recent decision in *Arakas v. Commissioner, Social Security Administration*, 983 F.3d at 97, prohibiting the use of "objective evidence (or the lack thereof) . . . to discount a claimant's subjective complaints regarding symptoms of fibromyalgia. . . ." The Commissioner filed no objection to the R & R. The undersigned adopted the R & R as the order of the Court on December 27, 2020, noting the recent *Arakas* decision, and remanded the case "for further administrative action consistent with order." (C.A. No. 8:20-130, Dkt. No. 19).

On remand, Dr. Loudermilk, provided an updated statement dated October 22, 2021. He noted that he had diagnosed Plaintiff with fibromyalgia and concluded that based on her ongoing chronic pain and other symptoms she would likely miss more than five days from work per month. He stated that Plaintiff could sit for only 30-45 minutes at a time "due to her back pain and joint pain from her fibromyalgia" and could not sit more than six hours and could not walk for prolonged distances. He stated her limitations had been present since at least April 2016. (Dkt. No. 7-15 at 255). If credited, Dr. Loudermilk's opinions would render Plaintiff disabled under the Social Security Act.

The ALJ again rejected the opinions of Dr. Loudermilk, noting that his opinions were "inconsistent with objective evidence," noting various normal findings on physical examination. (Dkt. No. 7-8 at 35). The ALJ gave Dr. Loudermilk's opinions "little weight" and gave the opinions of the non-examining chart reviewers "great weight," contending their opinions were

supported by objective evidence. (*Id.* at 34, 35). The ALJ again concluded Plaintiff retained the residual functional capacity to perform less than the full scope of light work. (*Id.* at 30).

Plaintiff appealed the Commissioner's adverse decision to this Court, and the matter was initially assigned to the Magistrate Judge for pretrial handling.  The Magistrate Judge issued a R & R on June 10, 2024, recommending that the decision of the ALJ again be reversed, noting that "[i]t is clear from the decision that the ALJ discounted both Plaintiff's complaints and the opinions of her treating physicians because they were not consistent with objective evidence showing normal physical examinations–exactly the type of evidence the Fourth Circuit instructs have 'no relevance' to the 'limiting effects of a claimant's fibromyalgia.'" (Dkt. No. 19 at 25) *citing Arakas*, 983 F.3d at 97.

After a careful review of the record in this matter, it is clear to the Court that Defendant has failed to comply with the Court's prior order of remand and to apply the clear standards of *Arakas* that "ALJs may not rely on objective medical evidence (or the lack thereof) . . . to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." 983 F.3d at 97.  Further, the Defendant has plainly failed to follow the further instructions of *Arakas* that a treating physician's findings, particularly regarding fibromyalgia, "may be disregarded only if there is persuasive contradictory evidence." *Id.* at 107.  It is notable that the ALJ's reliance on the non-examining chart reviewers' opinions violated the requirements of the Treating Physician Rule that the opinions of non-examining and non-treating physicians would be weighed on the same standards as the treating physicians and would be evaluated on "the degree to which these opinions consider all the pertinent evidence . . ., including the opinions of treating and other examining sources. 20 C.F.R. § 404.1527(c)(3).  In

this case, the two opinions of the chart reviewers relied upon by the ALJ issued their opinions on December 29, 2016 and March 21, 2017, both *before* Dr. Loudermilk's opinions.(Dkt. No. 7-3 at 10-12, 29-33; Dkt. No. 7-7 at 215-216; Dkt. No. 7-15 at 255).  In sum, the ALJ improperly rejected the opinions of a claimant's treating specialist physician in a fibromyalgia case based on the his failure to support his opinions with objective findings.

The ALJ's present decision before this Court (Dkt. No. 7-8 at 23-38) makes the identical mistake identified by the Court in the earlier reversal and remand, finding that Plaintiff's subjective symptoms of fibromyalgia could be rebutted by the alleged absence of objective corroborating evidence.  This most recent ALJ decision shows a disregard for the rulings of this Court and the clear standards set forth by the Fourth Circuit in *Arakas*.

The Court adopts the R & R of the Magistrate Judge (except for the recommended remedy) and reverses the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g).  When proper legal standards are applied in this record, Dr. Loudermilk's opinions should be accorded controlling weight, and Plaintiff is entitled to a finding that she is disabled under the Social Security Act.  *Arakas*, 983 F3d at 112.

The only remaining issue is whether the Court should send this matter back to the agency for a second time for further administrative processing or remand the case with an order to award benefits.  The Court's general practice is to remand to the agency for further proceedings but it is well settled that the Court has the authority to award benefits. 42 U.S.C. § 405(g).  An award of benefits by a district court is appropriate where, as here, the record is fully developed and it is clear that with the application of proper legal standards the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v.*

*Massanairi*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Brown v. Kijakazi*, C.A. No. 2:21-353-RMG, 2021 WL 5276031 at *2 (D.S.C. 2021).  It is notable that in *Arakas*, the Fourth Circuit directed the agency to award benefits once the testimony of the claimant's treating physician regarding the effects of her fibromyalgia were "properly credited."  983 F.3d at 112.  *See also Revels v. Berryhill*, 874 F.3d 648, 669 (9th Cir. 2017); *Greener-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003).  An award of benefits is particularly appropriate under these facts where there has been a significant lapse of time in the administrative processing of a claim.  *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984).  The application for benefits was first filed in August 2016 with an onset date of April 1, 2016.  After nearly eight years of litigation, the time to award benefits has now arrived.

## Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 19) as the order of the Court, except for the remedy; **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDS** the matter to the agency with instructions to **AWARD BENEFITS** from Plaintiff's onset date of April 1, 2016.

**AND IT IS SO ORDERED.**

                                                  s/ Richard Mark Gergel
                                                  Richard Mark Gergel
                                                  United States District Judge

June 28, 2024
Charleston, South Carolina